UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
                                          )
CHRISTINE E. MORRISSEY,                   )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civil Action No. 17-40007-LTS
                                          )
CYRIL GORDON LUNN,                        )
                                          )
            Defendant.                    )
_____ )


REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR RELIEF
FROM ORDER AND TO SET ASIDE STIPULATION AND RELEASE
[Docket No. 44]

April 2, 2018

Boal, M.J.

        This matter is before the Court on plaintiff Christine Morrissey's motion to have this

Court set aside a 2002 stipulation and release approved by the Bankruptcy Court for the District

of Massachusetts. Docket No. 44.[1] For the following reasons, this Court recommends that the

District Judge assigned to this case deny the motion and dismiss this case.

I.      RELEVANT BACKGROUND

        In this action, Morrissey brings claims for breach of contract, promissory estoppel,

conversion, unjust enrichment, fraud, and violations of the RICO statute. Docket No. 1. She

alleges that Lunn obtained two million dollars from Morrissey through breach of contract and

---

[1] On April 24, 2017, the District Court referred the case to the undersigned for pretrial
management and, on February 27, 2018, for both dispositive and non-dispositive motions,
including the instant motion. Docket Nos. 13, 54.

fraud resulting from Lunn's termination of the parties' business venture and the conversion and concealment of the assets of the business outside of the United States. See id. Morrissey's claims are based on alleged oral representations Lunn made to her during the 1980s and 1990s.

Morrissey had previously initiated a civil action against Lunn in Massachusetts Superior Court on February 9, 1998. Docket No. 44 at 1; see also Complaint at ¶ 42. In 2001, Lunn filed personal and corporate bankruptcies in the Bankruptcy Court for the District of Massachusetts. In re Cyril Gordon Lunn, No. 01-46312 (Bankr. D. Mass.); In re CY Realty Corporation, No. 01-45240 (Bankr. D. Mass.). The Superior Court matter was stayed as a result of Lunn's bankruptcy filings. Docket No. 44 at 1.

Morrissey continued to press her claims against Lunn in Bankruptcy Court. On or about January 7, 2002, Morrissey filed an adversary proceeding against Lunn in the Bankruptcy Court for the District of Massachusetts. Morrissey v. Lunn, No. 02-04004 (Bankr. D. Mass.) (the "Adversary Proceeding"). Among other things, Morrissey alleged that Lunn had fraudulently transferred assets to Canada to which she claimed an interest in violation of a lien granted to her by the Superior Court. Adversary Proceeding at Docket No. 1.

Morrissey reached a settlement with Lunn, which resolved all of her claims against him. Docket No. 44-2. On October 29, 2002, the Bankruptcy Court approved the parties' Stipulation and Agreed Order for Dismissal of Adversary Proceeding and Settlement of Other Claims (the "Bankruptcy Judgment"). Id. Among other things, the parties agreed to:

> [R]elease one another from all claims existing as of the date of this Stipulation, including without limitation any claims that Mr. Lunn or Mr. Morrissey may have in the Superior Court Action and the Bankruptcy Court Action. All claims brought by Mr. Lunn and Ms. Morrissey in the Superior Court action shall be withdrawn and released and Mr. Lunn and Ms. Morrissey shall file the appropriate pleadings to effect the dismissal of all claims in the Superior Court action with prejudice and without costs or attorney fees.

Docket No. 44-2 at 4.

Lunn knowingly concealed assets from the Bankruptcy Court. As a result, on May 18, 2006, the Bankruptcy Court revoked Lunn's discharge. See In re Lunn, No. 01-46312 at Docket No. 82. In addition, on September 14, 2006, a federal grand jury returned an indictment charging Lunn with two counts of bankruptcy fraud in violation of 18 U.S.C. §§ 152(1) & (3). United States v. Cyril Gordon Lunn, No. 4:06-cr-40030-TSH (D. Mass.).

The indictment was unsealed on August 14, 2014. Id. at Docket No. 8. Lunn pled guilty to the charges on January 30, 2017. Id. at Docket No. 39. He was sentenced to eighteen months in prison on July 12, 2017. Id. at Docket Nos. 48, 49. The District Court also ordered him to pay restitution in the amount of $6,339.17. Id. Morrissey had sought restitution in the criminal case. Id. at Docket No. 47, page 5. However, the government declined to seek restitution for Morrissey's claims. Id. at p. 5-6, n. 4. In so doing, the government noted the settlement between Morrissey and Lunn and the Bankruptcy Judgment, which resolved all of Morrissey's claims against Lunn. Id. The government further noted the fact that it appeared that, at the time of the settlement, Morrissey was aware that Lunn had transferred some assets to Canada, as evidenced by allegations she had made in the Adversary Proceeding. Id. at 5, n. 4.

Morrissey filed her complaint in this action on January 26, 2017. Docket No. 1. Lunn appears pro se. At a status conference on January 3, 2018, this Court inquired about the effect of the Bankruptcy Judgment on this case. The Court ordered plaintiff to file a copy of the Bankruptcy Judgment, Docket No. 40, which she did on January 26, 2018. Docket No. 43.

On January 29, 2018, Morrissey filed the instant motion seeking an order setting aside the Bankruptcy Judgment. Docket No. 44. On February 7, 2018, this Court ordered Morrissey to file a supplemental memorandum of law in support of her motion to set aside the Bankruptcy

Judgment addressing the following issues: (1) whether the District Court has jurisdiction to set aside the Bankruptcy Judgment particularly where Morrissey never appealed that judgment or otherwise sought to set it aside; and (2) whether any claims in this action would survive even if the Bankruptcy Judgment is not vacated. Docket No. 50. The Court allowed Lunn the opportunity to file a response within four weeks after service of the supplemental memorandum of law.

On February 20, 2018, Morrissey filed a supplemental memorandum of law. Docket No. 51. Lunn did not file a response.

II.     ANALYSIS

A.      Morrissey's Motion Is Not Properly Before This Court

Morrissey seeks to have this Court set aside the Bankruptcy Judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.[2] Docket No. 44 at 3; see also Docket No. 51 at 2-3. Rule 60(b), which is made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 9024, provides that a party may seek relief from judgment for certain reasons, including, as relevant here, "fraud . . . misrepresentation, or misconduct by an opposing party." See In re La Fata, 344 B.R. 715, 723 (1st Cir. BAP 2006) (citing to Fed. R. Civ. P. 60(b)(3)).

"Rule 60(b) exists to permit a trial court to reconsider its own orders." In re Indian Motocycle Co., Inc., 289 B.R. 269, 279 (1st Cir. BAP 2003). Morrissey provides no cogent

---

[2] In her motion, Morrissey cites only to Rule 60(b)(3). She does use, in passing, the phrase "fraud upon the court." See Docket No. 44 at 3. Rule 60(d)(3) allows district courts to set aside judgments for "fraud on the court." However, Morrissey has not cited to Rule 60(d)(3) or any authorities interpreting that rule or developed any such argument. Therefore, to the extent that she intended to argue fraud on the court, she has waived that argument. See Redondo-Borges v. United States Dep't of Housing and Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005) (citation omitted) ("Few principles are more sacrosanct in this circuit than the principle that 'issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'").

explanation as to why in the first instance she is seeking to have this Court, as opposed to the

Bankruptcy Court, grant her request. Indeed, this Court would appear to have no jurisdiction to

entertain a Rule 60(b) motion to set aside, in the first instance, a judgment entered by the

Bankruptcy Court.

Morrissey suggests that the Court may entertain this motion because it can be

characterized as an appeal of a bankruptcy court order. Docket No. 51 at 2. However, Rule 60

"is not a substitute for a timely filed appeal, and 'cannot resurrect appellants' expired right to

contest the merits of the underlying judgment, nor bring the judgment itself before us for

review.'" Id. (citing Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir.

1989); Bradshaw v. United States (In re Bradshaw), 283 B.R. 814, 818 n. 7 (1st Cir. BAP 2002)).

Here, there is no indication that Morrissey ever appealed the Bankruptcy Judgment. Thus, any

motion to set aside the Bankruptcy Judgment should be filed in the Bankruptcy Court in the first

instance.

B.      In Any Event, The Motion Is Untimely

"A motion under Rule 60(b) must be made within a reasonable time" and, if based on

subsections (b)(1), (2) or (3), "no more than a year after the entry of the judgment or order or the

date of the proceeding." Fed. R. Civ. P. 60(c)(1).[3] "It is well-established that the one-year

limitation period [for motions under subsections (1) to (3)] is an outer limit, and that even a

motion brought within a year should be rejected if not made within a reasonable time." In re

New England Mutual Life Ins. Co. Sales Practices Litig., 204 F.R.D. 6, 11 (D. Mass. 2001)

---

[3] Bankruptcy Rule 9024 makes the one year limitation inapplicable in certain situations.
However, none of those uncontested claim situations are present in this case. See In re Salander,
450 B.R. 37, 53 (Bankr. S.D.N.Y. 2011); In re Carbide Graphite Group, Inc., 338 B.R. 273, 275-
276 (Bankr. W.D. Penn. 2006).

(citing <u>Berwick Grain Co. v. Illinois Dept. of Agriculture,</u> 189 F.3d 556, 560 (7th Cir. 1999)).

Morrissey's motion was filed more than fifteen years after the entry of the Bankruptcy Judgment. Thus, her motion is time barred. Morrissey appears to suggest that her delay in filing should be measured from the date that Lunn pled guilty rather than when the Bankruptcy Judgment was entered.  <u>See</u> Docket No. 44 at 3 (arguing that Lunn's fraud "remained unproven until the Defendant admitted to those facts at his Rule 11 hearing."). Morrissey has not cited to any authority supporting that proposition. Indeed, "the timeliness of a Rule 60 motion is universally measured from the date of the judgment being attacked."  <u>Bowie v. Maddox</u>, 677 F. Supp. 2d 276, 281-282 (D.D.C. 2010) (citation omitted).

Even if the one-year limitation did not apply, Morrissey's motion is simply too late. Morrissey learned, or should have learned, of the grounds for her motion as early as May 2006, when the Bankruptcy Court revoked Lunn's discharge for his concealment of assets. <u>See United States v. Lunn</u>, No. 4:06-cr-40030-TSH (D. Mass.) at Docket No. 47, page 1. At the very latest, she should have been aware in August 2014, when the District Court unsealed the indictment against Lunn. The Court also notes that the motion was filed almost one year after the Rule 11 hearing, and it appears that it was filed at that time only because the Court, <u>sua sponte</u>, inquired about the effect of the Bankruptcy Judgment on this case. Accordingly, the Court finds that, under the circumstances, Morrissey's motion is untimely.

C.      In Light Of The Bankruptcy Judgment,
           <u>The Court Recommends Dismissal Of This Action</u>

The Bankruptcy Judgment released all of Morrissey's claims against Lunn existing as of October 29, 2002, "including without limitation any claims that Mr. Lunn or Mr. Morrissey may have in the Superior Court Action and the Bankruptcy Court Action." Docket No. 44-2 at 4. As such, it appears to bar all of Morrissey's claims in this action. Indeed, the Court specifically

ordered Morrissey to address whether any claims in this case are not covered by the Bankruptcy Judgment, <u>see</u> Docket No. 50, and she failed to address that issue in her submissions to the Court.[4] Accordingly, the Court recommends that the District Judge assigned to this case dismiss this action without prejudice.[5]

III.    <u>RECOMMENDATION</u>

For the foregoing reasons, this Court recommends that the District Judge assigned to this case deny Morrissey's motion to set aside the Bankruptcy Judgment. This Court further recommends that the District Judge dismiss this action without prejudice.

IV.    <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. <u>See</u> Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. <u>See</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1 (1st Cir. 1999);

---

[4] In her supplemental memorandum, Morrissey states, in a conclusory fashion and without any effort at explanation, that her claims "would survive without this Honorable Court setting aside the order of the Bankruptcy Court as an independent action." Docket No. 51 at 1. Again, arguments that the parties have not made any effort to develop are deemed waived.

[5] For the reasons set forth above, the Court believes it is unlikely that the Bankruptcy Court would grant a motion to set aside the Bankruptcy Judgment under Rule 60(b), but Morrissey could pursue such a motion in Bankruptcy Court. For that reason, the Court recommends that dismissal be without prejudice.

Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

       /s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE